

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BUILD ON YOUR LAND, LLC, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 3:24-3841-MGL |
| § | |
| KEYSTONE HOMES, INC., § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

**I.     INTRODUCTION**

Plaintiff Build on Your Land, LLC (BOYL) brought this declaratory judgment action against Defendant Keystone Homes, Inc. (Keystone) in the Lexington County Court of Common Pleas.  Keystone subsequently removed the case to this Court, claiming the Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is BOYL's motion to remand.  Having considered the motion, the response, the record, and the applicable law, it is the judgment of the Court BOYL's motion to remand will be granted.

**II.    FACTUAL AND PROCEDURAL HISTORY**

BOYL is a citizen of South Carolina, and Keystone is a citizen of Georgia.  Both entities are in the business of constructing homes throughout South Carolina and Georgia.

In 2013, Keystone began using "BUILD ON YOUR LAND by Keystone Homes" to advertise its residential home construction services. Keystone's Response at 1. BOYL alleges Keystone owns neither a federally or state registered trademark or service mark on the phrase "BUILD ON YOUR LAND." Complaint ¶ 15–18.

In 2023, Keystone became aware BOYL was also using "BUILD ON YOUR LAND" to advertise its construction services. Answer ¶ 53. Keystone thereafter sent BOYL a cease-and-desist letter, asserting it had "an exclusive trademark or service mark in South Carolina which arose out of the Lanham Act and associated case law, as well as the common law of [South Carolina]." Complaint ¶ 20.

BOYL sought declaratory judgment in state court, asking the court to declare, first, "[t]he phrase '[B]uild [O]n [Y]our [L]and,' . . . is not a 'mark' entitled to any sort of exclusive use, nor is it eligible for registration." *Id.* ¶ 27. And, second, "BOYL is entitled to carry on its business under its registered corporate name, including but not limited to using the phrase 'Build On Your Land' in its advertising and marketing campaigns." *Id.*

Subsequently, Keystone removed the case to this Court. After BOYL filed its motion to remand, Keystone responded, but BOYL failed to reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

2

"Except as otherwise expressly provided by Act of Congress," defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a).

"Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

"When a plaintiff's complaint leave[s] the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017).

Under Fourth Circuit law, "it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

### IV.    DISCUSSION AND ANALYSIS

According to the record, the parties are citizens of different states. Thus, the critical determination before the Court is whether removal was proper based on the amount in controversy.

BOYL argues diversity jurisdiction over this matter is improper because the amount in controversy is less than $75,000. Specifically, BOYL asserts "[n]owhere in the pleadings or in the record is there a reference to any specific contracts to be affirmed or invalidated, any business

opportunities lost, or any services that [Keystone] seeks to bar [BOYL] from providing." BOYL's Motion at 4.

Keystone, the party burdened with establishing federal jurisdiction, however, argues the pecuniary result of the declaratory judgment sought by BOYL "substantially" exceeds $75,000. Keystone's Response at 7. Although Keystone states it "has only begun to investigate the infringement of its [asserted] trademark by BOYL," Keystone claims it "is aware of actual confusion experienced by potential customers, as asserted in its counterclaims." *Id.*

For instance, according to Keystone, "[i]n early May, 2024, . . . [it] received two telephone calls from consumers seemingly looking for BOYL [who] were confused." Answer ¶ 53. Therefore, Keystone contends, the Court may "reasonably estimate[], infer[], and deduce[]" Keystone has lost "job opportunities or actual contracts . . . due to confusion created by BOYL's use of BUILD ON YOUR OWN LAND[] and that such [opportunities or contracts] have resulted in a loss . . . of at least $75,000 in profits alone." Keystone's Response at 8.

"In many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions." *Scott*, 865 F.3d at 196. But, Keystone's calculation of damages in this case is far too attenuated. Keystone has failed to demonstrate how the two telephone calls actually resulted in lost business profits exceeding $75,000. Moreover, there is insufficient evidence establishing the confusion of these callers caused them to forego contracting with Keystone, and Keystone has neglected to show how a ruling from this Court would affect its purported loss of profits from such callers.

As this Court has previously recognized, the Court's "jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future." *Martinez v. Sarratt*, No. 3:20-cv-0744-MGL, 2020 WL 1892357, at *6

4

(D.S.C. Apr. 16, 2020). Put simply, the Court is unable to determine the amount in controversy exceeds $75,000.

For all the reasons stated above, the Court concludes federal jurisdiction in this case is "doubtful" such that the Court must remand for lack of subject-matter jurisdiction. *Mulcahey*, 29 F.3d at 151.

### V.     CONCLUSION

It is therefore the judgment of the Court BOYL's motion to remand is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 23rd day of October 2024, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE